Douglas M. Shortridge
3481 Valle Verde Drive
Napa, CA  94558
Telephone:  (707) 257-2260
Facsimile: (707) 257-2260
Email: dougs@callcp.com

Pro Se plaintiff

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Douglas M. Shortridge ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> Foundation Construction Payroll Service, LLC ) <br> (dba: Payroll4Construction.com); ) <br> Foundation Software, Inc.; ) <br> ) <br> and, ) <br> ) <br> Associated Builders and Contractors, Inc. ) <br> ) <br> Defendants. ) <br> ) | **Case No. 3:14-cv-04850 JCS** <br> _____ <br><br> **FIRST AMENDED COMPLAINT** <br><br> **[Fed. Rules Civ. P. 15(a)(1)(B)]** <br><br> **Jury Trial Demanded** |

Pursuant to Federal Rules of Civil Procedure §15(a)(1)(B) Plaintiff Douglas M. Shortridge amends his original complaint and hereby complains against Foundation Construction Payroll Service, LLC, dba: Payroll4Construction.com; Foundation Software, Inc.; and Associated Builders and Contractors, Inc. alleging:

### THE PARTIES

1. Douglas M. Shortridge (hereinafter "Shortridge" or "Plaintiff") is an individual whose principal place of business is 3481 Valle Verde Drive, Napa, California 94558.

---

FIRST AMENDED COMPLAINT                                          CASE NO.: 14-4850

PAGE 1 OF 8

2. Defendant Foundation Construction Payroll Service, LLC, is a Domestic Limited Liability Company organized under the laws of the State of Ohio and registered under the trade name: Payroll4Construction.com (hereinafter "P4C"). The headquarters of P4C is located at 17999 Foltz Industrial Parkway, Strongsville, OH 44149. The State of Ohio entity number is: 1550866 (Effective Date: 06/17/2005). The Trade Name registration for "Payroll4Construction.com" was first used on 11/10/2010 and was received for Name Registration by the State of Ohio on 11/30/2010.

3. Defendant Foundation Software, Inc. (hereinafter "Foundation"), is a Corporation for Profit organized under the laws of the State of Ohio. The headquarters of Foundation is located at 17999 Foltz Industrial Parkway, Strongsville, OH 44149. The State of Ohio entity number is: 656173 (Effective Date: 09/29/1998).

4. Defendants P4C and Foundation's agent for service of process is Frederick J. Ode, 17999 Foltz Industrial Parkway, Strongsville, OH 44149.

5. Defendant Associated Builders and Contractors, Inc. (hereinafter "ABC") is an Ordinary Business - Non-stock Maryland corporation. ABC's primary place of business is 440 1st St., N.W., Suite 200, Washington, D.C. 20001. ABC's Maryland Principle Office and Resident Agent is The Corporation Trust Incorporated, 351 Camden Street, Baltimore, MD 21201.

## JURISDICTION AND VENUE

6. This is an action for patent infringement arising under the Patent Laws of the United States, under 35 U.S.C. §§100, *et. seq*. This court has jurisdiction over the subject matter of this patent litigation action pursuant to 28 U.S.C. §1338(a).

7. Defendants P4C, Foundation, and ABC are subject to personal jurisdiction in the State of California, Northern District because they purposefully offer and provide a service product in this district, said service product entailing the infringement of the patented process which is the subject of this complaint.

FIRST AMENDED COMPLAINT                                              CASE NO.: 14-4850

8. Venue is proper in this district pursuant to 28 U.S.C. §§1391(b), (c), and 1400(b) because all Defendants have committed acts of patent infringement in this district.

## INTRADISTRICT ASSIGNMENT

9. Pursuant to Civil L.R. 3-2(c), divisional assignment is unnecessary because this is an intellectual property action.

## FACTS

10. On June 3, 2014 Patent No. 8,744,933 ("the '933 patent") titled; "Payroll Processing, Certification, Reporting and Project Management System and Method", duly and legally issued. This is the Patent-in-suit of this complaint. A true and correct copy of this patent is attached herein as Exhibit A.

11. Shortridge is the inventor and sole owner of the '933 patent and is a subject matter expert in public works construction prevailing wage law regarding reporting, fraud detection, and enforcement.

12. P4C and Foundation are each majority owned and operated under the same management leadership jointly. Both entities share at least one employee and one officer working concurrently in each entity on a regular and consistent basis. The CEO for each entity is Frederick J. Ode.

13. P4C is an outsourced payroll processing service entity which is "powered by" Foundation construction accounting software according to P4C's public advertisement.

14. Foundation construction accounting software is the software product developed, maintained, and sold by Foundation.

15. Presently there are at least nine additional entities registered in the State of Ohio listing Frederick J. Ode as agent/incorporator which include:

#1961426 "PayrollForConstruction.com LLC", Effective 09/07/2010 (Active);

#1436157 "Construction Research Corporation", Effective 01/20/2004 (Active);

FIRST AMENDED COMPLAINT                                                CASE NO.: 14-4850

#953703 "Construction Accounting Systems LTD", Effective 12/04/2003 (Active);

#701029 "Foundation Enterprises, Inc.", Effective 05/13/1987 (Cancelled);

#754217 "Foundation Software Systems, Inc.", Effective 07/31/1989 (Cancelled);

#1866318 "Ode Development LLC", Effective 06/25/2009 (Active);

#1637780 "Ode Realty, LLC", Effective 07/26/2006 (Active);

#1013118 "Matt and Fred Realty, LTD.", Effective 12/04/2003 (Active);

#1872735 "Adam's Auto Body & Repair, LLC", Effective 07/28/2009 (Dead).

16. P4C and Foundation have jointly developed and implemented a payroll processing system and method for outsourced payroll services in multiple jurisdictions, and for a clientele which includes construction contractors performing upon government tax payer funded projects commonly known as "public works" or "prevailing wage projects".

17. As of June 3, 2014 P4C and Foundation offers their outsourced payroll processing service to construction contractors in all the United States, both directly and through a third party vendor partner agreement with Defendant ABC.

18. P4C and Foundation's joint effort focus of outsourced payroll service offering is to construction contractors, at least some of which regularly or occasionally perform on "public works" projects.

19. ABC is a trade association organization for merit-shop (nonunion) contractors with chapters throughout the United States.

20. ABC offers to select companies a "Strategic Partner Program" which provides these companies direct sales access to the ABC membership for various things such as wireless phone service, uniforms service, drug and background screening, insurance, fringe benefit management plans, and payroll processing.

21. ABC states on its website it generates funds from the Strategic Partner Program to "…support ABC activities…".

22. The sole "Strategic Partner" for outsourced payroll services on ABC's website is P4C (which is "powered by" Foundation).

23.     On March 2, 2012 P4C President Mike Ode contacted Shortridge via Email to invite a discussion based on Shortridge's LinkedIn profile which included information about the pending application of the '933 patent.

### Count One

24.     Shortridge incorporates the allegations in paragraphs 1 through 23 as if fully set forth herein.

25.     P4C, jointly and in concert with Foundation, has directly infringed and continues to directly infringe, strictly or under the Doctrine of Equivalents, one or more of the Claims of the '933 Patent in violation of 35 U.S.C. §271 by making, using, selling, and implementing a system and method that processes payroll for public works construction contractors operating in several and multiple jurisdictions and creates project-specific payroll records and management reports, at least some of which are in accordance with the rules of the various projects jurisdictions.

26.     Foundation, jointly and in concert with P4C, has directly infringed and continues to directly infringe, strictly or under the Doctrine of Equivalents, one or more of the Claims of the '933 Patent in violation of 35 U.S.C. §271 by making, using, selling, and implementing a system and method that processes payroll for public works construction contractors operating in several jurisdictions and creates project-specific payroll records and management reports, at least some of which are in accordance with the rules of the various projects jurisdictions.

27.     P4C and Foundation, jointly and in concert, and each separately and independently, offer(s) for sale and sells in the United States, through a strategic partnership with ABC, the P4C and Foundation combination payroll processing service which includes implementation of the method and system covered by one or more claims of the '933 Patent.

Defendants' actions constitute infringement, strictly or under the Doctrine of Equivalents, of the '933 Patent in violation of 35 U.S.C. §271.

28. Based on information and belief, P4C and Foundation will continue to directly infringe, strictly or under the Doctrine of Equivalents, the '933 Patent.

29. P4C and Foundation's direct infringement, strictly or under the Doctrine of Equivalents, has caused damage to Plaintiff and he is entitled to recover from P4C and Foundation the damages sustained as a result of its wrongful acts in an amount subject to proof at trial. Defendants P4C and Foundation's infringement of Shortridge's exclusive rights under the '933 Patent will continue to damage Shortridge's business, causing irreparable harm for which there is no adequate remedy at law, unless it is enjoined by this Court.

30. P4C and Foundation were cognizant of the pending application of the '933 Patent since at least March 2, 2012, and enjoyed the benefit of reviewing the public file of the application to further develop their outsourced payroll processing system and method which directly infringes the '933 Patent. This constitutes willful infringement. Pursuant to 35 U.S.C. §284 up to three times the amount of damages found or assessed applies in this case.

### Count Two

31. Shortridge incorporates the allegations in paragraphs 1 through 30 as if fully set forth herein.

32. ABC offers for sale and sells the payroll service of the combination of P4C and Foundation under its "Strategic Partner Program" and in so doing, generates revenue for its own benefit. This action is in accordance with ABC's agreement with Defendant(s) P4C and/or Foundation, whether this agreement is with either entity, individually, independently, jointly or severally. This action constitutes direct patent infringement of the '933 patent in violation of 35 U.S.C. §271.

**PRAYER FOR RELIEF**

33. Shortridge respectfully requests that the Court enter a final judgment granting the following relief:

    a.    Finding that Defendant P4C has infringed and will continue to infringe the '933 Patent;

    b.    Finding that Defendant P4C has willfully infringed the '933 Patent;

    c.    Finding that Defendant Foundation has infringed and will continue to infringe the '933 Patent;

    d.    Finding that Defendant Foundation has willfully infringed the '933 Patent;

    e.    Finding that Defendant ABC has infringed and will continue to infringe the '933 Patent;

    f.    For accounting of all damages sustained by Shortridge as a result of the act of patent infringement of the '933 patent by Defendant P4C;

    g.    For accounting of all damages sustained by Shortridge as a result of the act of patent infringement of the '933 patent by Defendant Foundation;

    h.    For accounting of all damages sustained by Shortridge as a result of the act of patent infringement of the '933 patent by Defendant ABC;

    i.    For actual damages together with prejudgment interest against Defendant P4C as a result of its acts of infringement of the '933 patent;

    j.    For an assessment of treble the actual damages attributed to Defendant P4C due to finding of willful infringement;

    k.    For actual damages together with prejudgment interest against Defendant Foundation as a result of its acts of infringement of the '933 patent;

    l.    For an assessment of treble the actual damages attributed to Defendant Foundation due to finding of willful infringement;

m. For actual damages together with prejudgment interest against Defendant ABC as a result of its acts of infringement of the '933 patent;

n. For a permanent injunction against Defendant P4C regarding infringement of the '933 Patent;

o. For a permanent injunction against Defendant Foundation regarding infringement of the '933 Patent;

p. For a permanent injunction against Defendant ABC regarding infringement of the '933 Patent;

q. For all costs of suit, prejudgment interest, and post-judgment interest as allowed by law; and,

r. For such other and further relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

34. Pursuant to Federal Rule of Civil Procedure 38, Plaintiff Shortridge demands a trial by jury of all matters.

Dated:  December 16, 2014    Respectfully submitted,

             /s/ Douglas M. Shortridge

            _____

            Douglas M. Shortridge – Plaintiff In Pro Se

FIRST AMENDED COMPLAINT        CASE NO.: 14-4850