DANIEL J. MCMULLEN
*appearance pro hac vice*
(Ohio Bar No. 0034380)
VERONICA LAMBILLOTTE
*appearance pro hac vice*
(Ohio Bar No. 0090772)
Calfee, Halter & Griswold LLP
The Calfee Building
1405 East Sixth Street
Cleveland, OH 44114
Tel: (216) 622-8200
Fax: (216) 241-0816
Email: dmcmullen@calfee.com
Email: vlambillotte@calfee.com

NATHANIEL BRUNO
Cal. Bar No. 228118
Sheppard Mullin Richter & Hampton LLP
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111
Tel.: (415) 774-2984
Fax: (415) 403-6095
Email: nbruno@sheppardmullin.com

*Counsel for Defendants*
*Foundation Construction Payroll Service, LLC*
*(dba: Payroll4Construction.com) and*
*Foundation Software, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

| | |
|---|---|
| DOUGLAS M. SHORTRIDGE,<br><br>Plaintiff,<br><br>v.<br><br>FOUNDATION CONSTRUCTION PAYROLL SERVICE, LLC; FOUNDATION SOFTWARE, INC.; AND ASSOCIATED BUILDERS AND CONTRACTORS, INC.,<br><br>Defendants. | Civil Action No.: 3:14-cv-04850-JCS<br><br>**DEFENDANTS FOUNDATION CONSTRUCTION PAYROLL SERVICE, LLC AND FOUNDATION SOFTWARE, INC.'S ANSWER TO FIRST AMENDED COMPLAINT** |

Defendants Foundation Construction Payroll Service, LLC ("P4C") and Foundation Software, Inc. ("Foundation"; collectively with P4C, "Defendants"), respond to *pro se* Plaintiff Douglas M. Shortridge's ("Shortridge") First Amended Complaint as follows:

## THE PARTIES

1. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1, and therefore deny them.

2. Defendants admit that Foundation Construction Payroll Service, LLC it is a Domestic Limited Liability Company organized under the laws of the State of Ohio with its headquarters located at 17999 Foltz Industrial Parkway, Strongsville, OH 44149 and a State of Ohio entity number of 1550866. Defendants further admit that a State of Ohio Trade Name Registration for "Payroll4Construction.com" with a date of first use of 11/10/2010 was filed on 11/30/2010. Defendants deny the remaining allegations of Paragraph 2.

3. Defendants admit that Foundation Software, Inc. is a Corporation for Profit organized under the laws of the State of Ohio with its headquarters located at 17999 Foltz Industrial Parkway, Strongsville, OH 44149 and a State of Ohio entity number of 656173. Defendants deny the remaining allegations of Paragraph 3.

4. Defendants admit the allegations of Paragraph 4.

5. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5 and therefore deny them.

## JURISDICTION AND VENUE

6. Defendants admit that the Amended Complaint purports to state a claim arising under the Patent Laws of the United States, 35 U.S.C. § 100 *et seq.* Defendants further admit that this Court has subject matter jurisdiction under 28 U.S.C. § 1338(a) for claims arising under

the Patent Laws of the United States. Except as expressly admitted, Defendants deny the allegations of Paragraph 6.

7. Defendants state that to the extent that the allegations of Paragraph 7 constitute a conclusion of law, no response is required. Defendants deny the remaining allegations of Paragraph 7.

8. Defendants state that to the extent that the allegations of Paragraph 8 constitute a conclusion of law, no response is required. Defendants deny the remaining allegations of Paragraph 8.

## INTRADISTRICT ASSIGNMENT

9. Defendants admit that Local Civil Rule 3-2(c) states that intellectual property actions shall be assigned by the Court on a district-wide basis.

## FACTS

10. Defendants admit that U.S. Patent No. 8,744,933 ("the '933 Patent") is titled "Payroll Processing, Certification, Reporting and Project Management System and Method" and that the '933 Patent states on its face that it was issued on June 3, 2014. Defendants deny that the '933 Patent was duly and legally issued. Except as expressly admitted, Defendants deny the allegations of Paragraph 10.

11. Defendants admit that the '933 Patent states on its face that Douglas Maurice Shortridge is the named inventor. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 11, and therefore deny them.

12. Defendants admit that P4C and Foundation have some common owners and managers and have at least one employee and officer in common and that Frederick J. Ode is the

chief executive officer of each. Except as expressly admitted, Defendants deny the remaining allegations of Paragraph 12.

13. Defendants admit that P4C is a payroll service provider and that its website includes a tab and page with the phrase, "Powered by Foundation." Except as expressly admitted, Defendants deny the remaining allegations of Paragraph 13.

14. Defendants admit that Foundation develops, maintains and licenses software for construction accounting. Except as expressly admitted, Defendants deny the remaining allegations of Paragraph 14.

15. Defendants admit that Frederick J. Ode may be listed as agent/incorporator of multiple legal entities registered in the State of Ohio, but request that the Court strike the remaining allegations of Paragraph 15 as redundant, immaterial or impertinent. *See* Fed. R. Civ. P. 12(f).

16. Defendants admit that P4C is a payroll service provider for the construction industry and offers services to construction contractors, some of which may be subject to prevailing wage requirements. Except as expressly admitted, Defendants deny the remaining allegations of Paragraph 16.

17. Defendants admit that as of June 3, 2014 P4C offered payroll services to construction contractors. Defendants further admit that P4C was party to an agreement with Associated Builders and Contractors, Inc. related to the offer of P4C's services to the latter's members. Except as expressly admitted, Defendants deny the remaining allegations of Paragraph 17.

18. Defendants admit that P4C offers payroll services to construction contractors, some of which may perform on public works projects. Except as expressly admitted, Defendants deny the remaining allegations of Paragraph 18.

19. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19, and therefore deny them.

20. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20, and therefore deny them.

21. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21, and therefore deny them.

22. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22, and therefore deny them.

23. Defendants admit that Mike Ode, president of P4C, contacted Douglas Shortridge by email on March 2, 2012. Except as expressly admitted, Defendants deny the remaining allegations of Paragraph 23.

## COUNT ONE

24. Defendants incorporate Paragraphs 1 through 23 of this answer by reference as if fully stated herein.

25. Defendants deny the allegations of Paragraph 25.

26. Defendants deny the allegations of Paragraph 26.

27. Defendants deny the allegations of Paragraph 27.

28. Defendants deny the allegations of Paragraph 28.

29. Defendants deny the allegations of Paragraph 29.

30. Defendants deny the allegations of Paragraph 30.

**COUNT TWO**

31. Defendants incorporate Paragraphs 1 through 30 of this answer by reference as if fully stated herein.

32. Defendants deny the allegations of Paragraph 32.

**PRAYER FOR RELIEF**

33. Defendants deny that Shortridge is entitled to any relief, and deny any and all allegations set forth in Paragraph 33, including subparagraphs a-r.

**DEFENDANTS' DEFENSES**

Subject to the responses above, Defendants allege and assert the following defenses in response to Shortridge's allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. Defendants further reserve all defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law or in equity, that may now exist or in the future may be available based on discovery or further factual investigation in this action.

**FAILURE TO STATE A CLAIM**

34. Shortridge's allegations and claims in the First Amended Complaint, in whole or in part, fail to state a claim upon which relief may be granted.

**NON-INFRINGEMENT**

35. Defendants Foundation Construction Payroll Service, LLC and Foundation Software, Inc. have not infringed and do not infringe, either literally or under the Doctrine of Equivalents, any valid and enforceable claim of the '933 Patent.

**INVALIDITY**

36. The claims of the '933 Patent alleged to be infringed are invalid for failing to comply with one or more requirements of Title 35, United States Code, including, but not limited to, § § 101, 102, 103, and 112.

**PROSECUTION HISTORY ESTOPPEL AND DISCLAIMER**

37. To the extent Shortridge alleges infringement under the Doctrine of Equivalents, Shortridge's alleged cause of action is barred by the doctrine of prosecution history estoppel.

38. Because of statements made, amendments made, or positions taken during the prosecution of the '933 Patent and/or other related patents or applications, Shortridge is estopped from asserting that the scope of any claim of the '933 Patent covers or includes any of the accused systems, products, or methods.

**PROSECUTION HISTORY LACHES**

39. The '933 Patent is unenforceable under the doctrine of prosecution history laches to the extent Shortridge forfeited his right to the '933 Patent after unreasonable and undue delay in prosecution.

**LIMITATIONS ON DAMAGES**

40. Shortridge's right to recover damages is limited, including without limitation by 35 U.S.C. § 287.

**NO ENTITLEMENT TO INJUNCTIVE RELIEF**

41. Shortridge is not entitled to injunctive relief because any alleged injury to Shortridge is not immediate or irreparable, and Shortridge has an adequate remedy at law for any alleged injury.

**DEFENDANTS' PRAYER FOR RELIEF**

WHEREFORE, Defendants deny that Shortridge is entitled to any relief and, accordingly, respectfully request this Court enter a judgment:

a. Finding that Shortridge is not entitled to any relief;

b. Dismissing Shortridge's First Amended Complaint and all claims alleged therein with prejudice;

c. Finding that Defendant Foundation Construction Payroll Service, LLC has not infringed and is not infringing any of the asserted claims of the '933 Patent;

d. Finding that Defendant Foundation Software, Inc. has not infringed and is not infringing any of the asserted claims of the '933 Patent;

e. Finding that each and every claim of the '933 Patent is invalid for failure to comply with the requirements of patentability set forth in Title 35, United States Code § 1, *et. seq.*;

f. Finding that the asserted claims of the '933 Patent are unenforceable;

g. Finding that Shortridge is not entitled to an award of compensatory or actual damages, treble damages, attorneys' fees, costs, prejudgment or post-judgment interest under 35 U.S.C. § § 284 or 285, or any applicable law;

h. Enjoining Shortridge and/or any of his successors-in-interest, attorneys, and all persons concerned with, or participating with any of them, from directly or indirectly asserting any claim of infringement against, or instituting any further action for infringement of the '933 Patent against, Defendants Foundation Construction Payroll Service, LLC and Foundation Software, Inc. or any of their customers, agents, successors, and assignees;

i. Finding that this case is exceptional and that Defendants are the prevailing parties under the definitions of 35 U.S.C. § 285, and awarding to Defendants their reasonable attorneys' fees, expenses, and costs incurred in connection with this action;

j. Finding that Defendants are the prevailing parties and awarding Defendants their costs of this action, pursuant to Federal Rule of Civil Procedure 54(d)(1); and

k. Awarding to Defendants such further relief, in law and/or in equity, as this Court may deem just and proper under the circumstances.

Dated: December 30, 2014

CALFEE, HALTER & GRISWOLD LLP

By: /s/ Daniel J. McMullen

Daniel J. McMullen admitted *pro hac vice*
Veronica Lambillotte admitted *pro hac vice*
CALFEE, HALTER & GRISWOLD LLP
The Calfee Building
1405 East Sixth Street
Cleveland, OH 44114
Tel.: 216-622-8656
Fax: 216-241-0816
Email: dmcmullen@calfee.com
Email: vlambillotte@calfee.com

Nathaniel Bruno (Cal. Bar No. 228118)
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111
Tel.: 415-774-2984
Fax: 415-403-6095
Email: nbruno@sheppardmullin.com
*Counsel for Defendants*
*Foundation Construction Payroll Service, LLC (dba: Payroll4Construction.com) and Foundation Software, Inc.*