DANIEL J. MCMULLEN
*appearance pro hac vice*
(Ohio Bar No. 0034380)
VERONICA LAMBILLOTTE
*appearance pro hac vice*
(Ohio Bar No. 0090772)
Calfee, Halter & Griswold LLP
The Calfee Building
1405 East Sixth Street
Cleveland, OH 44114
Tel: (216) 622-8200
Fax: (216) 241-0816
Email: dmcmullen@calfee.com
Email: vlambillotte@calfee.com

NATHANIEL BRUNO
Cal. Bar No. 228118
Sheppard Mullin Richter & Hampton LLP
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111
Tel.: (415) 774-2984
Fax: (415) 403-6095
Email: nbruno@sheppardmullin.com

*Counsel for Defendant*
*Associated Builders and Contractors, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

| | | |
|---|---|---|
| DOUGLAS M. SHORTRIDGE, | ) | Civil Action No.: 3:14-cv-04850-JCS |
| | ) | |
| Plaintiff, | ) | **DEFENDANT ASSOCIATED BUILDERS AND CONTRACTORS, INC.'S ANSWER TO FIRST AMENDED COMPLAINT** |
| v. | ) | |
| FOUNDATION CONSTRUCTION PAYROLL SERVICE, LLC; FOUNDATION SOFTWARE, INC.; AND ASSOCIATED BUILDERS AND CONTRACTORS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

Defendant Associated Builders and Contractors, Inc. ("ABC") responds to *pro se* Plaintiff Douglas M. Shortridge's ("Shortridge") First Amended Complaint as follows:

## THE PARTIES

1. ABC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1, and therefore denies them.

2. ABC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2, and therefore denies them.

3. ABC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3, and therefore denies them.

4. ABC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4, and therefore denies them.

5. ABC admits the allegations of Paragraph 5.

## JURISDICTION AND VENUE

6. ABC admits that the Amended Complaint purports to state a claim arising under the Patent Laws of the United States, 35 U.S.C. § 100 *et seq.* ABC further admits that this Court has subject matter jurisdiction under 28 U.S.C. § 1338(a) for claims arising under the Patent Laws of the United States. Except as expressly admitted, ABC denies the allegations of Paragraph 6.

7. ABC states that to the extent that the allegations of Paragraph 7 constitute a conclusion of law, no response is required. ABC denies the remaining allegations of Paragraph 7.

8. ABC states that to the extent that the allegations of Paragraph 8 constitute a conclusion of law, no response is required. ABC denies the remaining allegations of Paragraph 8.

## INTRADISTRICT ASSIGNMENT

9. ABC admits that Local Civil Rule 3-2(c) states that intellectual property actions shall be assigned by the Court on a district-wide basis.

## FACTS

10. ABC admits that U.S. Patent No. 8,744,933 ("the '933 Patent") is titled "Payroll Processing, Certification, Reporting and Project Management System and Method" and that the '933 Patent states on its face that it was issued on June 3, 2014. ABC denies that the '933 Patent was duly and legally issued. Except as expressly admitted, ABC denies the allegations of Paragraph 10.

11. ABC admits that the '933 Patent states on its face that Douglas Maurice Shortridge is the named inventor. ABC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 11, and therefore denies them.

12. ABC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12, and therefore denies them.

13. ABC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13, and therefore denies them.

14. ABC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14, and therefore denies them.

15. ABC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15, and therefore denies them.

16. ABC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16, and therefore denies them.

17. ABC admits that it entered an agreement with Foundation Construction Payroll Service, LLC related to the offer of the latter's services to ABC members. ABC denies the remaining allegations of Paragraph 17.

18. ABC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18, and therefore denies them.

19. ABC admits that it is a trade association for merit-shop contractors with chapters in many states and denies the remaining allegations of Paragraph 19.

20. ABC admits that it has a "Strategic Partner Program" affording companies that offer various goods and services opportunities to develop relationships with ABC members. ABC denies the remaining allegations of Paragraph 20.

21. ABC states that its website speaks for itself and otherwise denies the allegations of Paragraph 21.

22. ABC denies the allegations of Paragraph 22.

23. ABC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23, and therefore denies them.

## <u>COUNT ONE</u>

24. ABC incorporates Paragraphs 1 through 23 of this answer by reference as if fully stated herein.

25. ABC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25, and therefore denies them.

26. ABC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26, and therefore denies them.

27. ABC denies the allegations of Paragraph 27.

28. ABC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 28, and therefore denies them.

29. ABC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 29, and therefore denies them..

30. ABC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 30, and therefore denies them..

## COUNT TWO

31. ABC incorporates Paragraphs 1 through 30 of this answer by reference as if fully stated herein.

32. ABC denies the allegations of Paragraph 32.

## PRAYER FOR RELIEF

33. ABC denies that Shortridge is entitled to any relief, and denies any and all allegations set forth in Paragraph 33, including subparagraphs a-r.

## ABC'S DEFENSES

Subject to the responses above, ABC alleges and asserts the following defenses in response to Shortridge's allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. ABC further reserves all defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law or in equity, that may now exist

or in the future may be available based on discovery or further factual investigation in this action.

**FAILURE TO STATE A CLAIM**

34. Shortridge's allegations and claims in the First Amended Complaint, in whole or in part, fail to state a claim upon which relief may be granted.

**NON-INFRINGEMENT**

35. ABC has not infringed and does not infringe, either literally or under the Doctrine of Equivalents, any valid and enforceable claim of the '933 Patent.

**INVALIDITY**

36. The claims of the '933 Patent alleged to be infringed are invalid for failing to comply with one or more requirements of Title 35, United States Code, including, but not limited to, § § 101, 102, 103, and 112.

**PROSECUTION HISTORY ESTOPPEL AND DISCLAIMER**

37. To the extent Shortridge alleges infringement under the Doctrine of Equivalents, Shortridge's alleged cause of action is barred by the doctrine of prosecution history estoppel.

38. Because of statements made, amendments made, or positions taken during the prosecution of the '933 Patent and/or other related patents or applications, Shortridge is estopped from asserting that the scope of any claim of the '933 Patent covers or includes any of the accused systems, products, or methods.

**PROSECUTION HISTORY LACHES**

39. The '933 Patent is unenforceable under the doctrine of prosecution history laches to the extent Shortridge forfeited his right to the '933 Patent after unreasonable and undue delay in prosecution.

**LIMITATIONS ON DAMAGES**

40. Shortridge's right to recover damages is limited, including without limitation by 35 U.S.C. § 287.

**NO ENTITLEMENT TO INJUNCTIVE RELIEF**

41. Shortridge is not entitled to injunctive relief because any alleged injury to Shortridge is not immediate or irreparable, and Shortridge has an adequate remedy at law for any alleged injury.

**ABC'S PRAYER FOR RELIEF**

WHEREFORE, ABC denies that Shortridge is entitled to any relief and, accordingly, respectfully requests this Court enter a judgment:

a. Finding that Shortridge is not entitled to any relief;

b. Dismissing Shortridge's First Amended Complaint and all claims alleged therein with prejudice;

c. Finding that ABC has not infringed and is not infringing any of the asserted claims of the '933 Patent;

d. Finding that each and every claim of the '933 Patent is invalid for failure to comply with the requirements of patentability set forth in Title 35, United States Code § 1, *et. seq.*;

e. Finding that the asserted claims of the '933 Patent are unenforceable;

f. Finding that Shortridge is not entitled to an award of compensatory or actual damages, treble damages, attorneys' fees, costs, prejudgment or post-judgment interest under 35 U.S.C. § § 284 or 285, or any applicable law;

g. Enjoining Shortridge and/or any of his successors-in-interest, attorneys, and all persons concerned with, or participating with any of them, from directly or indirectly asserting any claim of infringement against, or instituting any further action for infringement of the '933 Patent against, ABC or any of its customers, agents, successors, and assignees;

h. Finding that this case is exceptional and that ABC is the prevailing party under the definitions of 35 U.S.C. § 285, and awarding to ABC its reasonable attorneys' fees, expenses, and costs incurred in connection with this action;

i. Finding that ABC is the prevailing party and awarding ABC its costs of this action, pursuant to Federal Rule of Civil Procedure 54(d)(1); and

j. Awarding to ABC such further relief, in law and/or in equity, as this Court may deem just and proper under the circumstances.

Dated: December 30, 2014

CALFEE, HALTER & GRISWOLD LLP

By: /s/ Daniel J. McMullen
Daniel J. McMullen admitted *pro hac vice*
Veronica Lambillotte admitted *pro hac vice*
CALFEE, HALTER & GRISWOLD LLP
The Calfee Building
1405 East Sixth Street
Cleveland, OH 44114
Tel.: 216-622-8656
Fax: 216-241-0816
Email: dmcmullen@calfee.com
Email: vlambillotte@calfee.com

Nathaniel Bruno (Cal. Bar No. 228118)
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111

Tel.: 415-774-2984
Fax: 415-403-6095
Email: nbruno@sheppardmullin.com

*Counsel for Defendants*
*Associated Builders and Contractors, Inc.*